## Erie County Library District

JOHN D. KILLIAN, 3d, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, February 2, 1959. —You ask to be advised as to whether the Erie Public Library, a public school library supported by the School District of Erie, may contract with the County Commissioners of Erie County, acting on behalf of the Erie County Library, to join the county library district and form a unified library system which will serve the residents of the City of Erie and Erie County.

This question arose in 1925, and in an opinion dated December 9, 1925, 1925-26, Op. Atty. Gen. 423, this office advised that under the law as it then existed: "The Erie Public Library may not enter into an agreement with either individual school districts outside of the City of Erie, unless such districts adjoin the Erie City School District, or with the County Commissioners under which it could extend its services to those who live outside of the Erie City School District in districts not adjoining". The basis for this advice rested upon sections 2507, 2510 and 2517 of the School Code of May 18, 1911, P. L. 309, which provided: (1) In section 2507, that a board of school directors may sup-

port and maintain a public school library in its school district; (2) in section 2510, that instead of establishing or maintaining a separate public school library, a board of school directors may join with or aid in the maintenance of a free, public nonsectarian library in the same school district, and (3) in section 2517, that a joint school library may be established and maintained by two or more school districts which are adjoining. Section 2517 incorporated by reference the provisions of section 1801 of the School Code of May 18, 1911, supra, which provided that joint schools may be established by "two or more *adjoining* school districts". (Italics supplied.)

Subsequent legislative action now requires us to reach an opposite result.

Section 8 of the Act of April 11, 1929, P. L. 497, amended section 1801 of the School Code of May 18, 1911, supra, by deleting the word "adjoining" from the designation of those districts which may form a jointure. Section 1801, with this change, was reenacted as section 1701 of the Public School Code of 1949.[1] Sections 2507 and 2517 were reenacted as sections 2305 and 2313 in the Public School Code of 1949.[2] Section 2510 was reenacted, with slight changes not here applicable, as section 2307 in the Public School Code of 1949.[3]

In addition, section 2 of the Act of May 13, 1931, P. L. 127, 53 PS §3504, amended section 4 of the Act of July 20, 1917, P. L. 1143, as amended, to provide in pertinent part as follows:

" . . . Any city, borough, town, township, school district or any board of trustees or managers of any en-

---

[1] Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §17-1701.

[2] Ibid., 24 PS §23-2305 and §23-2313.

[3] Ibid., 24 PS §23-2307.

dowed library or association library, maintaining such a free, public, non-sectarian library, shall have power to contract with the county commissioners, before the submission of such questions, upon the terms and conditions under which it will become a part of such county library district. . . .

"But where a county library district is established and a municipality has not joined in said establishment, it may, nevertheless, thereafter join said county library district if the municipal authorities, *school district*, or any board of trustees or managers of any endowed library or association library in such municipality enter into an agreement with the county board of library directors to merge its facilities with the county library in the manner herein provided." (Italics supplied.)

The term "municipality" in section 2 of the Act of May 13, 1931, supra, is defined in section 1 of the Act of July 20, 1917, P. L. 1143, 53 PS §3501, to mean "any county, city, borough, town, or township, as the case may be, but shall not be interpreted as meaning school district". The context of the paragraphs quoted above indicates that the word "municipality" in the second paragraph was used inadvertently. The legislature meant to say "city, borough, town, township, school district or any board of trustees or managers of any endowed library or association library" in accordance with the enumeration contained in the first paragraph. The inclusion of the words "school district" in the second paragraph, however, is sufficient authorization for a school district to join a county library district by agreement.

Under the laws of the Commonwealth as they now exist, a school district is legally empowered to contract to join a county library district once it is established and is not impeded by the fact that the library

with which it will merge is neither within its school district nor within an adjoining district.

We are, therefore, of the opinion and you are accordingly advised that the Erie Public Library may lawfully contract with the County Commissioners of Erie County, acting on behalf of the Erie County Library, to join the county library district and form a unified library system which will serve the residents of the City of Erie and Erie County.